### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| US BORTEK, LLC : | |
| : | CIVIL ACTION |
| v. : | |
| : | NO. 21-5670 |
| : | |
| OZ DIRECTIONAL DRILLING, INC. : | |

### MEMORANDUM

**SURRICK, J**                                                                                              **July 11, 2024**

This matter arises out of a payment dispute between a contractor, Defendant Oz Directional Drilling, Inc. ("Oz") and a subcontractor, Plaintiff US Bortek, LLC ("US Bortek".) (Am. Compl., ECF No. 6.) US Bortek alleges claims of: (1) breach of contract; (2) breach of Pennsylvania's Contractor and Subcontractor Payment Act ("CASPA"), 73 P.S. §§ 501 *et seq.*; (3) promissory estoppel; and (4) quantum meruit. (*Id*., ¶¶ 1, 78-83, 85-97, 99-108, 110-12.) Presently before the Court is Plaintiff's Motion for Default Judgment. (Mot., ECF No. 28.) For the following reasons, the Motion will be granted.

### I.  BACKGROUND

####  A.  Factual Background

The Commonwealth of Pennsylvania Department of Environmental Protection granted Sunoco Logistics Partners L.P., subsequently known as Energy Transfer Operating, L.P., a permit to expand its natural gas pipeline in Pennsylvania. (Am. Compl., ¶ 13.) Energy Transfer Operating, L.P. engaged Otis Eastern Services, LLC as a general contractor for the project. (*Id*., ¶ 14.) Otis Eastern Services, LLC in turn hired Oz as a subcontractor to construct and install a portion of the Mariner East 2 Pipeline Project in Delaware County, Pennsylvania. (*Id*., ¶¶ 15,

17.)  Oz subcontracted with US Bortek, a construction company that provides skilled drilling and pipeline services, to work on the Mariner East 2 Pipeline Project.  (*Id*., ¶¶ 12, 15.)

US Bortek began to provide drilling equipment and services for the project in October 2017.  (*Id*., ¶ 16.)  Oz entered into a written contract for US Bortek to serve as a subcontractor on the project, and the Subcontract Agreement ("Agreement") was executed on November 1 and 2, 2017.  (*Id*., ¶¶ 17-18; Subcontract Agrmt., ECF No. 6-1, Ex. 1, at 14.)  The Agreement specified that US Bortek would be paid a rate of $20,000 per 12-hour shift when US Bortek used a 300,000 pound or lower horizontal directional drilling rig.  (Am. Compl., ¶ 20.)  Payment by Oz was due thirty (30) days after it received an invoice.  (*Id*., ¶ 21.)  The record contains no evidence that Oz disputed any of the invoices that US Bortek submitted.  (*See id*., ¶¶ 32, 36, 40, 44, 51, 56, 63, 68.)  While Oz could terminate the contract at any time "for convenience," upon such termination "for convenience" US Bortek would be paid for all completed work and for two additional days at the contract rate for demobilization.  (*Id*., ¶ 22.)  Any dispute under the contract was "governed by the laws of the state of Arizona, without regard to its conflict of law rules."  (Subcontract Agrmt. at 12.)

Between November 3 and 14, 2017, Oz paid in full four invoices that it received from US Bortek, totaling $420,000.  (Am. Compl., ¶¶ 34, 38, 42, 46.)  In late November, Oz withheld $12,000 from Invoice No. 1084 and $10,000 from Invoice No. 1088.  (*Id*., ¶¶ 48, 53.)  Oz terminated the contract for convenience on December 5, 2017, effective immediately.  (*Id*., ¶ 60; Subcontract Agrmt. at 10.)

Around the date that Oz terminated the contract, US Bortek submitted three additional invoices.  On December 4, 2017, US Bortek submitted Invoice No. 1093 for $120,000 for work completed between November 27 and December 2.  (*Id*., ¶ 55.)  On December 11, 2017, US

2

Bortek submitted Invoice No. 1096 for $60,000 for work completed on December 4 and for demobilization expenses.  (*Id*., ¶ 62.)  On January 17, 2018, US Bortek submitted Invoice No. 1105 for $120,000 for standby and downtime expenses from October 12-14 and October 16-18.  (*Id.*, ¶ 67.)  Under the contract, payment for these invoices was due 30 days after they were submitted.  (*Id*., ¶ 21.)  US Bortek alleges that Oz never paid these invoices, which, including the $22,000 withheld from Invoice Nos. 1084 and 1088, aggregate to $322,000.  (*Id*., ¶¶ 74-75, 83.)

### B.  Procedural History

US Bortek filed this action on December 30, 2021.  (ECF No. 1.)  After Oz moved to dismiss the Complaint, US Bortek filed an Amended Complaint.  (ECF No. 5, Am. Compl.)  Subsequently, Oz moved to dismiss US Bortek's claims for promissory estoppel and quantum meruit, which the Court denied.  (ECF No. 8, 18.)  Oz's lawyers filed motions to withdraw, indicating that Oz had ceased operating and was unwilling to pay for continued legal representation in this matter, and that their multiple attempts to contact Oz's President were unsuccessful.  (ECF No. 19-2 at 1-2.)  The Court granted Oz's lawyers' motion to withdraw.  (ECF No. 20.)  On December 4, 2023, US Bortek moved for a default.  (ECF No. 24.)  The Clerk of Court entered default on December 13, 2023.  (ECF Nos. 25, 26.)  US Bortek filed the instant Motion on February 14, 2024. (Mot.)  The Court ordered US Bortek to file additional information to substantiate its request for attorney's fees, which US Bortek submitted on June 12, 2024.  (ECF Nos. 29, 30.)

## II.  LEGAL STANDARD

"After a clerk enters default pursuant to Federal Rule of Civil Procedure 55(a) against a party that has 'failed to plead or otherwise defend' an action, the party may be subject to entry of a default judgment."  *Serv. Emps. Int'l Union v. Shamrockclean, Inc.*, 325 F. Supp.3d 631, 634

3

(E.D. Pa. 2018) (quoting Fed. R. Civ. P. 55(a)).  The clerk may enter default judgment in a plaintiff's favor if "the plaintiff's claim is for a sum certain or a sum that can be made certain by computation."  Fed. R. Civ. P. 55(b)(1).  "In all other cases, the party must apply to the court for a default judgment."  Fed. R. Civ. P. 55(b)(2).

When evaluating a motion to enter default judgment, a district court must first determine whether the undisputed facts represent a legitimate cause of action.  *Serv. Emps. Int'l Union*, 325 F. Supp. 3d at 635.  Next, a district court must consider whether there is "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay was due to culpable conduct."  *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d. Cir. 2000).

### III.    DISCUSSION

#### A.    US Bortek Has Sufficiently Pled Two Causes of Action

US Bortek's Motion will be granted.  First, US Bortek has sufficiently pled causes of action for breach of contract and under CASPA.  Under Pennsylvania law, "three elements are necessary to plead a cause of action for breach of contract: (1) the existence of a contract, including its essential terms, (2) a breach of the contract; and (3) resultant damages."  *Meyer, Darragh, Buckler, Bebenek & Eck, P.L.L.C. v. Law Firm of Malone Middleman, P.C.*, 137 A.3d 1247, 1258 (Pa. 2016).[1]  US Bortek attached to the Amended Complaint the contract that states that US Bortek was hired as a subcontractor by Oz.  (Am. Compl., ¶ 17.)  The essential terms of

---

[1] The Agreement's "Choice of Law Venue" provision states that Arizona law governs. (Subcontract Agrmt. at 12).  The parties have applied Pennsylvania law in the briefs they have filed in this case.  (*See* ECF Nos. 8, 9).  Pennsylvania and Arizona law are identical as to a breach of contract claim. *Compare Nerdig v. Elec. Ins. Co.*, No. 17-1859, 2018 WL 4184926, at *3 (D. Az. Aug. 31, 2018), *with Meyer, Darragh, Buckler, Bebenek & Eck, P.L.L.C.*, 137 A.3d at 1258.  As a result, we need not conduct a conflict of law analysis and apply Pennsylvania law.

the contract were included, including concerning payment of US Bortek and the terms of service. (*Id*., ¶ 21.)  In its motion to dismiss, Oz did not dispute that a contract existed between the parties or challenge US Bortek's breach of contract claim.  (*See generally* ECF No. 8-1.)  US Bortek alleged that Oz breached the contract because Oz failed to pay multiple invoices in whole or in part for services provided under the Agreement, which damaged US Bortek.  (Am. Compl., ¶ 108.)  As a result, US Bortek has sufficiently pled a breach of contract claim.[2]

In addition to a common law breach of contract claim, US Bortek alleged a CASPA claim.  (*Id*., ¶ 5.)  CASPA applies to most construction contracts that involve written or oral agreements to perform work on real property in the Commonwealth of Pennsylvania.  73 P.S. § 515; *El-Gharboui v. Ajayi*, 260 A.3d 944, 954 (Pa. Super. Ct. 2021).  CASPA is intended to protect contractors and subcontractors, and "payment deadlines and penalties [seek to] encourage fair dealing among parties to a construction contract."  *LBL Skysystems (USA), Inc. v. APG-Am., Inc.*, 514 F. Supp. 2d 704, 709 (E.D. Pa. 2007) (quoting *Ruthrauff, Inc. v. Ravin, Inc.*, 914 A.2d 880, 890 (Pa. Super. Ct. 2006)).

When a subcontractor has suitably performed under a contract, and payment is not made in a timely manner, the subcontractor is entitled to interest and a penalty.  73 P.S. §§ 507(c)-(d), 512(a); *LBL Skysystems*, 514 F. Supp. 2d at 709.  The interest payment owed by the contractor is 1% per month of the unpaid or withheld balance and begins to accrue seven days after the contractually specified due date for payment.  73 P.S. §§ 505(d), 507(d).  The penalty rate is also 1% per month of the amount unpaid or withheld.  73 P.S. § 512(a).  A contractor who withholds

---

[2] Because US Bortek has succeeded on its breach of contract claim, its claims for promissory estoppel and quantum meruit are dismissed.  *See Iversen Baking Co. v. Weston Foods, Ltd.*, 874 F.Supp. 96, 102 (E.D. Pa. 1995); *Benchmark Grp., Inc. v. Penn Tank Lines, Inc.*, No. 07-2630, 2008 WL 2389463, at *5 (E.D. Pa. June 11, 2008).

a balance from a subcontractor's invoice must notify the subcontractor of the deficiency within 14 days or else is required to complete payment. 73 P.S. § 506(b). If the subcontractor prevails, they may be awarded reasonable attorney's fees as determined by the court. 73 P.S. § 512(b). Here, the fees due to US Bortek, excluding attorney's fees, under CASPA and breach of contract total $822,360 for five invoices:

- US Bortek issued Invoice No. 1093 on December 4, 2017, and payment for $120,000 was due on January 11, 2018. (Am. Compl., ¶ 55.) 78 months have elapsed without payment. The cumulative amount of 1% interest and 1% penalty for the period is equal to $187,200. In total under CASPA, Plaintiff is entitled to $307,200 in damages for this Invoice.

- US Bortek issued Invoice No. 1096 on December 11, 2017, and payment for $60,000 was due on January 18, 2018. (*Id.*, ¶ 62.) 78 months have elapsed without payment. The cumulative amount of 1% interest and 1% penalty for the period is equal to $93,600. In total under CASPA, Plaintiff is entitled to $153,600 in damages for this Invoice.

- US Bortek issued Invoice No. 1105 on January 17, 2018, and payment for $120,000 was due on February 25, 2018. (*Id.*, ¶ 67.) 77 months have elapsed without payment. The cumulative amount of 1% interest and 1% penalty for the period is equal to $184,800. In total under CASPA, Plaintiff is entitled to $304,800 in damages for this Invoice.

- Withholdings from Invoice No. 1084 and Invoice No. 1088, totaling $22,000, were due on December 27, 2017, and January 3, 2018. (*Id.*, ¶¶ 48, 53.) There is no evidence in the record that Oz notified US Bortek of any deficiency, and payment is therefore required. 79 months have elapsed without payment. The cumulative amount of 1% interest and 1% penalty for the period is equal to $34,760. In total under CASPA, Plaintiff is entitled to $56,760 in damages for these Invoices.

**B.     The *Chamberlain* Factors Weigh in Favor of Granting Default Judgment**

After determining that US Bortek has pled legitimate causes of action, we must evaluate the *Chamberlain* factors to assess whether to grant its Motion. *Serv. Emps. Int'l Union*, 325 F. Supp. 3d at 635; *Chamberlain*, 210 F.3d at 164. The *Chamberlain* factors weigh in favor of granting default judgment against Oz.

With regard to the first factor, a plaintiff will be prejudiced if default judgment is denied when they have not been paid the money owed under an agreement. *See United Energy Plus Terminals v. Deep Servs., Inc.*, No. 20-4824, 2021 WL 1293561, at *3 (E.D. Pa. Apr. 6, 2021). US Bortek has not been paid the money that it is owed under the Agreement, and it would be prejudiced if we deny default judgment.

Second, Oz does not appear to have a litigable defense. There is no evidence in the record that Oz disputed any of the invoices from US Bortek that it did not pay in whole or in part. Plaintiffs' causes of action have been established, Oz has not filed an Answer, and no facts in the record suggest that US Bortek is not entitled to compensation for its services. *See Heil Trailer*, 2021 WL 1163737, at *3.

Third, we can attribute Defendant's delay to "culpable conduct." *Chamberlain*, 210 F.3d at 164. Defendant did not answer Plaintiff's Amended Complaint and, as reflected in its counsel's motion to withdraw, Oz ceased its business operations and expressed unwillingness to defend the lawsuit and pay for continued legal representation. *See Heil Trailer*, 2021 WL 1163737, at *3; (Aff. ISO Mot. for Default Judgment, ECF No. 28-1, ¶¶ 15-23; Wallack Cert. ISO Mot. to Withdraw, ECF No. 19-3, ¶¶ 4-7.) Accordingly, the *Chamberlain* factors weigh in favor of granting US Bortek's Motion.

C.  **US Bortek is Entitled to Attorney's Fees**

In addition, US Bortek seeks attorney's fees in accordance with the Agreement and CASPA in the amount of $55,942.16. (ECF No. 30; Am. Compl., ¶¶ 83, 94, 97, 108.) Under Pennsylvania law, "a party can recover its attorney's fees when there is an express statutory authority or a clear agreement to the effect between the parties in dispute." *E. Elec. Corp. of New Jersey v. Shoemaker Constr. Co.*, 657 F. Supp. 2d 545, 561 (E.D. Pa. 2009). The

Agreement specifies that "[i]f any legal proceeding is brought to enforce or interpret this Agreement . . . the prevailing party in any such proceeding will be entitled to recover from the other party its reasonable attorneys' and paralegal fees and court costs, before and at trial and at all appellate levels." (Subcontract Agrmt. at 12.)  Furthermore, under CASPA, "the substantially prevailing party in any proceeding to recover any payment . . . shall be awarded a reasonable attorney fee in an amount to be determined by the court or arbitrator, together with expenses." 73 P.S. § 512(b).  "Pennsylvania courts have described a substantially prevailing party as 'a party in whose favor a judgment is rendered, regardless of the amount of damages awarded.'" *E. Elec. Corp. of New Jersey*, 657 F. Supp. 2d at 561-62 (citation omitted).  In granting this Motion, we render judgment in favor of US Bortek.  While awarding interest and penalty under CASPA is mandatory, awarding attorney's fees is at the Court's discretion.  *El-Gharboui v. Ajayi*, 260 A.3d 944, 960-61 (Pa. Super. Ct. 2021).  US Bortek is entitled to attorney's fees.

In order to award attorney's fees under CAPSA, a district court must review records concerning the basis for such fees and "sufficient information to determine the reasonableness of the hourly rate and the number of hours expended in defending the litigation." *Moravian Assocs., L.P. v. Henderson Corp.*, No. 06-2165, 2008 WL 3562468, at *14 (E.D. Pa. Aug. 12, 2008).  US Bortek provided the Court with itemized bills of the attorneys it hired to represent it in this matter, which specify the hourly rates of the attorneys ($300, $400, and $415), the total hours worked, the nature of the assignments, and the total amount billed.  (ECF No. 30.)  US Bortek filed redacted invoices on the docket and provided the Court an unredacted version *in camera*.  We reviewed the unredacted time entries, and they appear to be reasonable in the amount and allocation of hours worked.  Based on the reasonable hourly rates for attorneys practicing commercial litigation in this court, we find US Bortek's requested attorney's fees and

costs to be reasonable and necessary. *See J&J Sports Prods., Inc. v. Allen*, No. 17-4046, 2018 WL 1307880, at *5 (E.D. Pa. Mar. 13, 2018). Accordingly, we grant US Bortek's request for attorney's fees in the amount of $55,942.16. In total, Plaintiff is entitled to judgment in the amount of $878,302.16.

I.  **CONCLUSION**

For the foregoing reason, US Bortek's Motion will be granted. An appropriate Order follows.

                                                 **BY THE COURT:**

                                           */s/ R. Barclay Surrick*
                                           **R. BARCLAY SURRICK, J.**